IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J.B., a minor child, by and through his next friend, ADDIE WARD, on behalf of himself and all other similarly situated; <br><br>    Plaintiff, <br><br>vs. <br><br>WALTER WOOD, in his individual capacity, <br><br>    Defendant. | Case No: 2:06-CV-908-MHT <br> CLASS ACTION |

## ANSWER TO COMPLAINT

**COMES NOW** Defendant Walter Wood ("Wood") and hereby responds and answers the complaint as follows:

**Unnumbered paragraphs**. Defendant Wood admits that the Plaintiff is seeking damages but denies the rest of the allegations contained in the unnumbered introductory paragraphs.

## STATEMENT OF THE PARTIES

1. Defendant Wood is without sufficient information to admit that J.B. at the time he brought this lawsuit was a resident of Montgomery County. Defendant Wood is without sufficient information to admit or deny that Addie Ward was J.B.'s next friend.

2. Defendant is without sufficient information to admit or deny that Addie Ward at the time this lawsuit was filed was the parental guardian and custodian of J.B. over nineteen or a resident of Montgomery County.

3. Wood admits that he is over the age of nineteen, is a resident of Montgomery County, and is the Director of the Alabama Department of Youth Services.

## STATEMENT OF THE FACTS

4. Defendant Wood admits that J.B. was committed to the custody of the Alabama Department of Youth Services on May 18, 2005, and that he was detained at the Montgomery County Juvenile Detention Facility. All other material allegations of Paragraph 4 are denied and Wood demands strict proof thereof.

5. Defendant Wood admits that J.B. was placed during the last week of June 2005.

6. Defendant Wood admits that the Alabama Department of Youth Services is an agency of the State of Alabama responsible for programs for delinquent youth and operates institutional and community residential programs. DYS also licenses and subsidizes certain facilities to reduce delinquency in the State of Alabama. All other material allegations of Paragraph 4, to the extent they are an incomplete and inaccurate description of DYS' statutes, Policies and Procedures, are denied and Wood demands strict proof thereof.

7. Wood admits that he became director of the Alabama Department of Youth Services in 1999. All other material allegations of Paragraph 7, to the extent they are an incomplete and inaccurate description of DYS' statutes, Policies and Procedures, are denied and Wood demands strict proof thereof.

8. Defendant Wood denies all material allegations of Paragraph 8 and demands strict proof thereof.

9. Defendant Wood denies the allegations contained in paragraph 9 and demands strict proof thereof.

10. Defendant Wood denies the allegations contained in paragraph 10 and demands strict proof thereof.

11. Wood denies the material allegations of paragraph 11 and demands strict proof thereof.

12. Wood denies the material allegations of paragraph 12 and demands strict proof thereof.

13. Defendant Wood deny the allegations contained in paragraph 13 and demands strict proof thereof.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

14. Defendant Wood denies all material allegations contained in paragraph 14 and demands strict proof thereof.

15. Defendant Wood denies all material allegations contained in paragraph 15 and demands strict proof thereof.

16. Defendant Wood denies all material allegations contained in paragraph 16 and demands strict proof thereof.

### CAUSATION/DAMAGES

17. (Sic.) Defendant Wood denies all material allegations contained in paragraph 17 (sic.) and demands strict proof thereof. Defendant Wood denies Plaintiff is entitled to any relief in any form.

### CAUSES OF ACTION

### COUNT I
### (42 U.S.C. § 1983)

18. Defendant Wood incorporates all responses in paragraphs 1-the preceding paragraph by reference as if fully set forth herein.

19. Defendant Wood denies all material allegations of paragraph 19 and demands strict proof thereof.

## COUNT II
### (NEGLIGENCE)

20. Defendant Wood incorporates all responses in paragraphs 1-20 by reference as if fully set forth herein.

21. Defendant Wood denies all material allegations of paragraph 21 and demands strict proof thereof.

## COUNT III
### (WANTONNESS)

22. Defendant Wood incorporate all responses in paragraphs 1-21 by reference as if fully set forth herein.

23. Defendant Wood denies all material allegations of paragraph 23 and demands strict proof thereof.

## RELIEF

Defendant Wood denies Plaintiff is entitled to any relief in any form that she seeks in her prayer for relief.

## AFFIRMATIVE DEFENSES

Defendant Wood hereby asserts the following affirmative defenses to the Plaintiff's claims asserted in the Complaint:

1. The Plaintiff has failed to state a claim upon which relief can be granted.

2. Wood is immune from suit under Article I, § IV, Alabama Constitution (1901). Wood is protected by and entitled to state agent immunity. Wood is immune from civil liability

in his individual capacity because the conduct made the basis of the claims against him are based upon the following:

    a.    formulating plans, policies, or designs; or

    b.    exercising judgment in the administration of a department or agency of government, including but not limited to, examples such as:

        (2)    making administrative adjudications;

        (3)    allocating resources;

        (4)    negotiating contracts;

        (5)    hiring, firing, transferring, assigning, or supervising personnel; or

    c.    discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

    d.    exercising judgment in the discharge of the duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

*Ex parte Cramman,* 792 So. 2d 392, 405 (Ala. 2000) (emphasis added). Although the basis of the Plaintiff's claims are unclear from the Complaint, Wood's conduct in administering and managing DYS, is protected by state agent and/or qualified immunity.

    3.    Wood has not breached any duty of care to the Plaintiffs.

    4.    The Plaintiffs have suffered no damages as a proximate cause of any act, or non-act, by Wood.

    5.    Wood is entitled to and pleads qualified immunity.

    6.    Plaintiff has failed to state a claim upon which compensatory damages may be awarded.

7. Plaintiff has failed to establish a prima facie case on all of the claims asserted in this lawsuit.

8. Plaintiff's claims are barred by laches.

9. Wood did not violate any clearly established state or federal constitutional right of which a reasonable person would have known.

10. At all times relevant to this action, Wood was acting upon his reasonable understanding and belief of the requirements of the governing federal law and state law.

11. Plaintiff has failed to state factual allegations to support the claim of negligence and/or wantonness.

12. Plaintiff has failed to state factual allegations to support the claim of a due process violation.

13. Plaintiff has failed to state factual allegations to support the claim of cruel and unusual punishment.

14. All actions taken by Wood relating to the Plaintiff were taken in good faith.

15. As to any alleged intentional wrongful conduct or conduct involving malice by an employee or agent of DYS, it is denied that Wood: (1) knew or should have known of the unfitness of the agent and employed him or continued to employ him or used his services without proper instruction and with disregard to the rights or safety of others; (2) authorized the agent's alleged wrongful conduct; or (3) ratified the alleged wrongful conduct of the agent; nor were the alleged acts of the agent calculated to nor did they benefit Wood or DYS.

16. Wood denies that he is guilty of any conduct which entitles Plaintiff to recover punitive damages.

17. Wood avers that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to Wood under the Constitution of the State of Alabama.

18. Wood avers that any award of punitive damages to the Plaintiff in this case will be a violation of the constitutional safeguards provided to Wood under the Constitution of the United States of America.

19. Plaintiff can not recover for mental pain suffering, emotional distress, or similar damages.

20. Plaintiff has failed to allege and cannot prove sufficient conditions upon which the equitable relief sought in the Complaint may be based.

21. Wood pleads the defense of sovereign immunity.

22. Wood pleads the defense of statutory immunity and asserts that his actions are privileged or protected by statute.

23. Wood pleads the defense of discretionary function immunity.

24. Wood pleads the defense of discretionary immunity.

25. Wood pleads the defense of schoolmaster's immunity and the schoolmaster's defense.

26. Wood is immune under Code of Alabama, 1975, Section 11-47-190 from liability for any state law claims for injuries that are not suffered through negligent, careless, or unskillfulness of an agent, officer or employee. Couch v. *City of Sheffield*, 708 So. 2d 154 9Ala. 1998).

27. Wood is immune from liability for the intentional acts of others.

28.     Anything not specifically admitted to or addressed in this Answer is denied, and Wood demands strict proof thereof.

29.     Wood is not the final decision maker with regard to DYS policy or procedure. See §§ 44-1-21, 44-1-52, Ala. Code of 1975 as amended.

30.     Walter Wood is not guilty of deliberate or callous indifference to the constitutional rights of the Plaintiff and is not guilty of any conduct that "shocks the conscience."

31.     The claims against the Defendant are based on respondent superior, vicarious liability, or supervisory liability, and as such are insufficient to support a claim for violation of the Plaintiff's constitutional rights.

32.     The Plaintiff is an inadequate class representative.

33.     Plaintiff's claims are barred by the applicable statute of limitations.

Wood reserves the right to amend this Answer at a later date premised on the fact that discovery is incomplete and/or the Plaintiff might file an Amended Complaint.

Respectfully submitted
TROY KING
ATTORNEY GENERAL

**s/ T. Dudley Perry, Jr.**
T. Dudley Perry, Jr.
Bar Number: 3985-R67T
Deputy Attorney General
Post Office Box 66
Mt. Meigs, AL 36057
Telephone: (334) 215-3803
Fax: (334) 215-3872
E-Mail: dudley.perry@dys.alabama.gov

## CERTIFICATE OF SERVICE

I hearby certify that on the 1st day of November, 2006, I electronically filed the foregoing **ANSWER TO THE COMPLAINT,** with the Clerk of the Court Using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
**BEASLEY, ALLEN, CROW**
**METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, AL 36103-4160

Robert D. Drummond, Jr., Esq.
**ATTORNEY AT LAW**
 6767 Taylor Circle
Montgomery, AL 36117


                                          **s/T. Dudley Perry, Jr.**

                                          T. Dudley Perry, Jr.
                                          Bar Number: 3985-R67T
                                          Deputy Attorney General
                                          Attorney For Defendant
                                          J. Walter Wood, Jr.